**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1413-18T1

FIRST CLASS CHAMPIONSHIP
DEVELOPMENT CENTER, INC.,

      Plaintiff-Appellant,

v.

NPC COMMUNITY
DEVELOPMENT CORP, INC.,

      Defendant-Respondent.

_____

Submitted October 10, 2019 – Decided October 17, 2019

Before Judges Fuentes and Haas.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000097-13.

Fernando Iamurri, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

Plaintiff First Class Championship Development Center, Inc. appeals from the Chancery Division's October 17, 2018 order denying its motion to reinstate its complaint against defendant NPC Community Development Corporation, Inc. We reverse.

Carolyn Kelley-Shabazz and her husband[1] are plaintiff's sole shareholders. On August 30, 2012, plaintiff loaned defendant $300,000 in connection with defendant's purchase of real property in Newark from plaintiff. On May 3, 2013, plaintiff filed a complaint against defendant seeking to recover the $300,000.

Plaintiff subsequently filed a motion for summary judgment. On June 23, 2014, plaintiff voluntarily withdrew this motion, and the court directed the parties to "enter into good faith negotiations with each other" to attempt to resolve the matter. In addition, the court ordered the title company to release $53,733.68 in escrowed funds to plaintiff's attorney for disbursement to plaintiff.

The settlement discussions did not bear fruit. Plaintiff's attorney then refused to turn over the escrowed funds to plaintiff, and Carolyn was forced to

---

[1] Because the parties share the same surname, we refer to Mrs. Kelley-Shabazz as Carolyn to avoid confusion. In doing so, we intend no disrespect.

A-1413-18T1

file an ethics complaint against him to recover the money. Carolyn later "relieved" the attorney as plaintiff's counsel. On June 2, 2015, the court entered an order requiring plaintiff to retain a new attorney no later than June 15 to avoid the dismissal of its complaint.[2]

Carolyn and her husband are each over eighty years old. After the attorney was removed, Carolyn's husband "became ill with severe heart disease and other complications which rendered him bedridden." Carolyn became "his sole caretaker and [her husband] required 24-7 care even for the most minor activities of daily living."

Carolyn attempted to retain counsel for her corporation, but the attorney she contacted was unable to take on the case. Over the months that ensued, and as her husband's condition "progressively worsened" due to him sustaining a series of heart attacks, Carolyn devoted her attention to his health and well-being rather than to the lawsuit. The court dismissed plaintiff's complaint on May 2, 2016 for lack of prosecution.

On August 30, 2018, plaintiff filed a motion to reinstate its complaint. Carolyn explained that in the interim period, her husband became "incapable of

---

[2] Pursuant to Rule 1:21-1(c), a corporation like plaintiff may not "appear [or] file any paper in any action in any court of this State except through an attorney authorized to practice in this State."

even feeding himself" and she "was forced to be by his side as he continued to deteriorate." However, she stated she did not want defendant "to get away with the fraud [it] committed upon" plaintiff in connection with the unpaid loan. Therefore, Carolyn retained an attorney for plaintiff, who filed a motion to reinstate its complaint. Defendant did not respond to the motion.

On October 17, 2018, the motion judge denied plaintiff's motion. The judge noted that the applicable standard under Rule 1:13-7(a) is "good cause." Relying on this court's decision in Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 384 (App. Div. 2011), the judge found that Carolyn's explanation for her delay in retaining an attorney and moving to reinstate plaintiff's complaint did not establish good cause because "there was no external negligence but that of plaintiff's to account for the lack of counsel." In rendering this decision, the judge made no mention of the extraordinary personal issues faced by Carolyn and her husband, and failed to address the fact that defendant had not responded to the motion or alleged it would be prejudiced in any way by the reinstatement of the complaint. This appeal followed.

On appeal, plaintiff contends that the motion judge mistakenly exercised her discretion in not considering all the facts she presented that demonstrated

good cause to allow the action to proceed in the absence of any claim of prejudice by defendant. We agree.

"Our review of an order denying reinstatement of a complaint dismissed for lack of prosecution proceeds under an abuse of discretion standard." Baskett, 422 N.J. Super. at 382 (citations omitted). In our review, we are not bound by the trial court's legal conclusions or its "interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Rule 1:13-7(a) is a "docket-clearing rule that is designed to balance the institutional needs of the judiciary against the principle that a just result should not be forfeited at the hands of an attorney's lack of diligence." Baskett, 422 N.J. Super. at 379. The Rule details the bases for an administrative dismissal of a complaint for lack of prosecution, and provides the standards and procedures for reinstatement of a complaint that has been administratively dismissed:

> After dismissal, reinstatement of an action against a single defendant may be permitted on submission of a consent order vacating the dismissal and allowing the dismissed defendant to file an answer . . . . If the defendant has been properly served but declines to execute a consent order, plaintiff shall move on good cause shown for vacation of the dismissal.

There is no dispute here that plaintiff's motion for reinstatement of its action was governed by the good cause standard.  R. 1:13-7(a).  Although this standard is difficult to precisely define, "[i]ts application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied." Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007) (quoting Del. Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002)).  Our Supreme Court has defined "good cause" as "the presence of a meritorious [claim] worthy of judicial determination . . . and the absence of any contumacious conduct."  O'Connor v. Altus, 67 N.J. 106, 129 (1975).

In Ghandi, we reversed an order denying reinstatement filed fifteen months following the complaint's dismissal, arising from counsel's failure to request entry of default.  Ghandi, 390 N.J. Super. at 195-96.  In addressing the good cause standard under R. 1:13-7(a), we stated that because administrative dismissals are "without prejudice," "the right to reinstatement is ordinarily routinely and freely granted when [the] plaintiff has cured the problem that led to the dismissal even if the application is made many months later."  Id. at 196 (quoting Rivera v. Atl. Coastal Rehab. Center, 321 N.J. Super. 340, 346 (App. Div. 1999)).  We also observed that "absent a finding of fault by the plaintiff

6

and prejudice to the defendant, a motion to restore under [Rule 1:13:7(a)] should be viewed with great liberality." Id. at 197.

In Baskett, we applied the Ghandi good cause standard to a trial court's denial of the plaintiffs' motion to reinstate a complaint. Baskett, 422 N.J. Super. at 384-85. In that case, thirty-three months passed from the filing of the complaint and its service upon the defendant. Id. at 384. We observed that the plaintiffs' reasons for not exercising personal oversight of the handling of the matter were "meager and incomplete." Id. at 385. We were "most concerned," however, that the dismissal resulted from the plaintiffs' first counsel's inattention. Ibid. We also noted that the defendants failed to present any evidence showing they suffered prejudice from the plaintiffs' delay in seeking reinstatement. Ibid. Therefore, we reversed the trial court's order, finding that under the "indulgence mandated by Ghandi," and because the plaintiffs' were "essentially blameless, the courthouse doors should not be locked and sealed to prevent their claims from being resolved in the judicial forum." Ibid.

After applying the principles set forth in Ghandi and Baskett to the facts of this case, we are required to reverse the motion judge's order denying plaintiff's motion to reinstate the complaint. Plainitff's only shareholders, Carolyn and her husband, were let down by their attorney, who refused to

disburse funds to them pursuant to a court order and had to be relieved as plaintiff's counsel. Because Carolyn's husband suffered his first heart attack right at that time, the couple was understandably hampered in their efforts to obtain a new attorney, as Carolyn focused all of her attention on the health of her husband, whose condition continued to worsen. Under these circumstances, we are satisfied that plaintiff demonstrated good cause for its delay in seeking reinstatement.

Just as importantly, there is no evidence in this record that defendant would be prejudiced in any fashion if the complaint were reinstated. Indeed, defendant did not oppose plaintiff's motion. See Baskett, 422 N.J. Super. at 385 (finding good cause for reinstatement of a complaint in part because the defendant did not present a "scintilla of evidence" supporting his claim of prejudice); Ghandi, 390 N.J. Super. at 197 (finding the trial court erred in denying reinstatement in part because the defendants failed to object to the reinstatement motion).

Under these circumstances, we reverse the court's October 17, 2018 order, and remand the matter for reinstatement of plaintiff's complaint. In so ruling, we cannot overstate the importance of the policy of our courts "favoring the disposition of cases on their merits." Midland Funding LLC v. Albern, 433 N.J.

Super. 494, 496 (App. Div. 2013). Similar to our determinations in <u>Ghandi</u> and <u>Baskett</u>, Carolyn's reasonable explanation pertaining to her need to provide personal care to her husband amounted to good cause for plaintiff's delay. This, together with the absence of any prejudice to defendant, strongly militates toward allowing plaintiff's claims to be heard.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1413-18T1